Lawrence R. BOARDWINE, Plaintiff,

v.

Harry HUGE, Trustee et al., United Mine Workers of America Welfare and Retirement Funds, Defendants.

Civ. A. No. 75–0205–A.

United States District Court,
W. D. Virginia.

Oct. 2, 1980.

---

608

Z. Dale Christian, Bluefield, Va., for plaintiff.

E. Calvin Golumbic, Gen. Counsel, UMWA Health & Retirement Funds, Washington, D. C., Stuart B. Campbell, Jr., Campbell, Young & Hodges, Wytheville, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Plaintiff, Lawrence R. Boardwine, brings this action against the Trustees of the United Mine Workers of America Health and Retirement Funds, seeking to establish entitlement under the United Mine Workers of America 1950 Pension Trust, the successor in interest to the United Mine Workers of America Welfare and Retirement Funds of 1950. Jurisdiction derives from § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).[1]  *Gordon v. ILWU–PMA Benefit Funds*, 616 F.2d 433 (9th Cir. 1980).

Plaintiff filed a claim for service pension benefits on April 30, 1973, seeking to establish entitlement pursuant to a class action settlement agreement dated January 2, 1973, in the case of *Blankenship v. United Mine Workers of America Welfare and Retirement Fund of 1950.* That agreement provides, in part, that as a condition of eligibility an applicant must establish 20 years of classified employment in the bituminous coal industry. Plaintiff's claim was denied because he was credited with only 18¼ years of classified service. In finding only the 18¼ years of classified service, plaintiff was not credited with work he performed as a truck driver hauling coal from 1961 through 1964. The only question in the present case is whether that determination was arbitrary or capricious. The court concludes that it was.

Pursuant to the Blankenship Agreement "[a] year of classified service means a year of service as defined in Paragraph II, A, of Resolution No. 83 of the Trustees of the Fund." Resolution No. 83 was adopted by the Board of Trustees on January 14, 1971. Paragraph II, A of that Resolution provides, in part, as follows:

A year of service ... is a calendar year during which an applicant: [w]orked subsequent to January 1, 1937, as an employee in a job classified in the then existing coal wage agreement for an employer in the coal industry .... [P]rovided ... that after April 1, 1971, such work must have been performed as an employee in a classified job for an employer signatory to the Bituminous Coal Wage Agreement then in effect.

The Coal Wage Agreement in effect for the years in question was the National Bituminous Coal Wage Agreement of 1950, with 1958 and 1964 Amendments. Under that

---

1. Title 29 U.S.C. § 185(a) provides:

    Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

Agreement, as amended, to the extent permitted by law, all employees are required to become members of the United Mine Workers of America except in certain "exempted classifications of employment." Exempted classifications are set forth in the Agreement as follows:

> Coal Inspectors and Weigh Bosses at mines where men are paid by the ton, Watchmen, Clerks, Engineering, and Technical forces of the operator, working at or from a District or local mine office, are exempt from this Agreement.

> All other employees working in or about the mines shall be included in this Agreement except essential supervisors in fact such as: Mine Foremen, Assistant Foremen, who in the usual performance of their duties, may make examinations for gas as prescribed by law, and such other supervisors as are in charge of any class of labor inside or outside of the mines and who perform no production work.

From the above it appears that plaintiff has additional classified service for the years 1961 through 1964 in that he worked in a job classified in the then existing Coal Wage Agreement. However, the trustees have, from time to time, set forth various questions and answers which are to govern eligibility determinations, and the following question and answer were apparently relied upon in denying plaintiff's claim:

> Q. Prior to April 1, 1971, can the employees of a non–signatory trucking contractor, who are hauling coal for a non–signatory mine operator, accumulate classified service credits for pension purposes if their duties would normally be classified employment if they were performed for a signatory operator?

> A. No. Since the coal hauled was not produced by operators signatory to the UMWA Agreement and the truck drivers were not under the direction, supervision, and control of

the signatory operator, they may not receive Funds pension credit for such employment.

If valid, this question and answer will preclude plaintiff from satisfying the 20–year classified service requirement. The court finds it to be an arbitrary and capricious interpretation of the Blankenship Agreement.[2]

Resolution No. 83 referred to by the Blankenship Agreement sets forth no requirement that work performed from January 2, 1937, through April 1, 1971, be performed for an employer signatory to the Bituminous Coal Wage Agreement. Rather, it simply requires that the applicant be employed in a job *classified* in the Coal Wage Agreement. When signatory service is required, Resolution No. 83 specifically so states, and to be eligible for classified service subsequent to April 1, 1971, the employee must have worked "in a classified job for an employer signatory to the Bituminous Coal Wage Agreement . . . ." Accordingly, the signatory service requirement set forth in the Trustees' question and answer is found to be in derogation of the *Blankenship* settlement, and, therefore, arbitrary and capricious.

While the court finds the plaintiff to be otherwise entitled to at least 20 years of classified service, there is some question as to whether or not plaintiff was *self–employed* throughout the 1961–1964 period and therefore not entitled to credit for classified service during those years. As the Hearing Officer's decision was not based on that ground and as the Trustees have not filed whatever regulations they might have which bear on that point, the matter will be remanded to the Trustees for further consideration and for a supplemental hearing to resolve any factual questions which may arise as to that issue.

It is so ORDERED.

---

2. Plaintiff alleges that Trustees have ruled in other cases that an applicant is entitled to classified service if performing a classified job even though his employer was not signatory to the wage agreement. Although that allegation is not disputed by the Trustees no evidence has been adduced on that point.